UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:11-CR-046 |
| | ) | |
| CANDY S. COLLINS | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 326], which has not been supplemented by a motion for sentence reduction filed by counsel. The defendant asks the court to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G." or "sentencing guidelines"). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

The United States has responded in opposition to the defendant's motion [doc. 336]. The United States argues that the defendant is not eligible for Amendment 782 relief because her existing sentence is already equal to the lowest sentence permitted by the amended guidelines.

**I.     Background**

By judgment dated April 9, 2012, this court sentenced the defendant to a term of imprisonment of 110 months as to Count One (conspiracy to manufacture methamphetamine).  The defendant's advisory guideline range was 130 to 162 months, based on a total offense level of 27 and a criminal history category of VI.

Prior to sentencing, the defendant filed a motion for downward departure pursuant to U.S.S.G. § 4A1.3(b), arguing that her properly-calculated criminal history score overstated the actual seriousness of her prior convictions.  The court granted the motion and imposed a sentence 20 months below the bottom of the guideline range.  According to the Bureau of Prisons, the defendant is presently scheduled for release on September 21, 2019.

**II.    Analysis**

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In the present case, a sentence reduction under § 3582(c) would not be consistent with the Sentencing Commission's applicable policy statements.

Guideline 1B1.10 is a policy statement of the Sentencing Commission.  It explains in relevant part that a court shall not reduce a defendant's term of imprisonment pursuant to § 3582(c) to a term that is less than the bottom of the amended guideline range.  *See*

2

U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A) (2014). The only exception is if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). The United States did not file a substantial assistance motion as to this defendant.

Applying Amendment 782, the defendant's new advisory guideline range is 110 to 137 months, based on a total offense level of 25 and a criminal history category of VI. Because the defendant's existing sentence of 110 months is already equal to the lowest sentence permitted by Amendment 782, she is not entitled to further relief. *See* 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A).

**III. Conclusion**

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 326] is **DENIED**.

    **IT IS SO ORDERED.**

    ENTER:

    s/ Leon Jordan
    United States District Judge

3

Case 2:11-cr-00046-RLJ   Document 349   Filed 06/02/15   Page 3 of 3   PageID #: 1003